IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BRESNAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:21-CV-00058 JCH |
| v. | ) | |
| | ) | |
| CITY OF SAINT PETERS, et al. | ) | |
| | ) | Jury Trial Demanded. |
| Defendants. | ) | |

### FIRST AMENDED PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Brian Bresnahan, by and through his undersigned attorney, and for his Petition under 42 U.S.C. § 1983, the First Amendment to the United States Constitution, and Title I, §§ 8, 10 of the Missouri Constitution against Defendants City of Saint Peters, Rick Struttmann, and Russ Batzel, states as follows:

1. At all times mentioned herein, Plaintiff was an individual who currently resides at 5E Sunny Wood Ct., Saint Peters, MO 63376, which is located in the County of Saint Charles, State of Missouri.

2. Defendant City of Saint Peters (hereinafter "City") is a city of the fourth class in the State of Missouri located within Saint Charles County.

3. Defendant Rick Struttmann is an individual and the Chief of the Saint Peters Police Department and he is sued in his personal and official capacity. Defendant Struttmann is an employee of the City of Saint Peters and was acting in that capacity at all times herein.

4. Defendant Russ Batzel is an individual and the City Administrator of the City of Saint Peters and he is sued in his personal and official capacity. Defendant Batzel is an employee of the City of Saint Peters and was acting in that capacity at all times herein.

1

5. Plaintiff Brian Bresnahan worked for Defendant City as a Police Officer in the Saint Peters Police Department until on or about June 10, 2020 when his employment was terminated.

6. All acts complained of herein occurred within the County of Saint Charles, State of Missouri.

## Count I
## (First Amendment Claim)

7. On or about June 9, 2020, Plaintiff shared with fellow police officers a twitter post that contained a video clip from the currently airing television show "Paradise PD." The specific content was a short video wherein a black police officer accidentally shoots himself and the media headlines the issue as "another innocent black man shot by a cop." The video is obvious satire.

8. Plaintiff shared this content as his individual and personal opinion to be a comical parody of the current and ongoing protests of the Black Lives Matter (hereinafter "BLM") movement with the clear implication that he was critical of those protesters.

9. Plaintiff's constitutionally protected speech was sent within a private and closed text message group wherein all group members were police officers in the Saint Peters Police Department using their personal devices. The group was created to provide a team of officers up to date information regarding BLM protests within Saint Peters. The content of the message group was both work-related and unrelated.

10. Saint Peters, Saint Charles County, and the surrounding counties were experiencing general civil unrest which led to some rioting and looting. This civil unrest was widely covered by the media and represented a matter of public concern.

11. In response to Plaintiff's constitutionally protected comments on a matter of public concern, one member of the group voiced displeasure and disagreed with the message of the shared

video. That displeasure and disagreement did not disrupt the flow of work, was immediately resolved, and created no lingering problems.

12. Plaintiff's comment had no adverse effect on the working relationship or ability for Plaintiff and his fellow officers to perform the duties of their jobs.

13. Plaintiff's constitutionally protected statement was a standalone comment that was not part of an ongoing issue in the Saint Peters Police Department regarding Plaintiff creating or adding to a disruption of workflow in the department.

14. On or about June 10, 2020, Plaintiff was ordered to Defendant Rick Struttmann's office. Plaintiff arrived in the morning hours after working through the night hours and having time for fewer than two hours of sleep.

15. Defendant Rick Struttmann berated Plaintiff for the comment and ordered him to resign his position within the Saint Peters Police Department. Plaintiff was told that if he resigned that morning, no investigation would commence into the Plaintiff's comment, and nothing would be reported on his peace officer's license. Plaintiff was further told that if he did not resign that morning, Defendant Rick Struttmann would open an investigation into the comments and, regardless of the investigation, Defendant Struttmann would ultimately recommend Plaintiff be terminated and that Defendant Russ Batzel would terminate Plaintiff's employment.

16. Defendant Struttmann's statements implied to Plaintiff that Defendant Batzel was aware of and was working together with Defendant Struttmann in the decision to terminate Plaintiff.

17. At the close of the meeting on or about June 10, 2020, Defendant Chief of Police provided Plaintiff a resignation form, which Plaintiff signed.

18. Plaintiff's termination from the Saint Peters Police Department constitutes constructive discharge by Defendant Rick Struttmann.

19. Defendant Struttmann's comments and assurance that Plaintiff would be fired if he did not resign rendered Plaintiff's working conditions intolerable and forced Plaintiff to resign.

20. Plaintiff's termination was done in retaliation of Plaintiff's constitutionally protected speech.

21. Plaintiff's constitutionally protected interest in free speech regarding a matter of public concern outweighs any interest Defendants may have in preventing such speech.

22. Plaintiff's protected speech was made at a reasonable time and in a reasonable manner, did not render the operations of the City inefficient, and did not disrupt City operations in any way.

23. Defendant Struttmann's constructive termination of Plaintiff was based upon a violation of the Saint Peters Police Department's social media policy. The Saint Peters Police Department's social media policy purports to include private group messaging as is present in this instance and restricts speech content.

24. The implementation of the Saint Peters Police Department's social media policy restricts speech content without respect to and in violation of constitutional rights to free speech.

25. The Saint Peters Police Department's social media policy unconstitutionally restricted Plaintiff's speech and represents a constitutional violation resulting from an official municipal policy.

26. Defendants Struttmann's and Batzel's actions in terminating Plaintiff's employment were intentional, malicious, and showed a complete disregard for due process, First Amendment protections, and other constitutional rights owed to the Plaintiff under the First,

Fourth, and Fourteenth Amendments to the United States Constitution, and Title I, §§ 8 and 10 of the Missouri Constitution.

27. The City of Saint Peters' social media policy violates the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Title I, §§ 8 and 10 of the Missouri Constitution.

28. Plaintiff's termination was an adverse employment action authorized, approved, and/or ratified by the Defendants under the color of state law and violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of Missouri.

29. As a direct and proximate result of defendants' acts and omissions, Plaintiff has suffered humiliation and embarrassment, emotional distress and mental anguish, pain, suffering, and lost wages and associated damages in an amount yet to be determined.

30. As a direct and proximate result of defendants' acts and omissions, Plaintiff has suffered actual damages and will continue to suffer additional damages, in an amount in excess of $25,000, exclusive of costs, as well as other monetary and non-monetary benefits.

31. The First Amendment of the United States Constitution grants rights of free speech and associated protections from the federal government. Those rights and protections have been extended to protect against each individual state through the Fourteenth Amendment of the United States Constitution. Article I, § 8 of the Missouri Constitution further solidifies an individual's right of free speech within the state of Missouri.

32. Plaintiff's termination is unlawful retaliatory termination based on Plaintiff's constitutionally protected speech.

33. All of the actions of Defendant Struttmann and Defendant Batzel were careless and reckless and performed in complete disregard of the law and the rights of the Plaintiff, for which

conduct and actions, punitive damages are properly imposed in such amounts as will punish the Defendants for their wrongful conduct and deter them from like conduct in the future.

WHEREFORE, Plaintiff prays a judgment in his favor and against all Defendants and thereafter:

(a) injunctive relief against Defendant City, reinstating Plaintiff's employment and amenities within the Saint Peters Police Department;

(b) relief against Defendant City in the form of back-pay for the time Plaintiff was not employed by the Saint Peters Police Department;

(c) punitive damages against Defendants Struttmann and Batzel;

(d) costs and attorneys' fees incurred against all Defendants; and

(e) such other relief as this Court deems just and proper.

                Respectfully submitted,

                BRUNTRAGER & BILLINGS, P.C.

                /s/ Peter O.Bruntrager
                Peter O Bruntrager #67974
                225 S. Meramec Ave.
                Suite 1200
                St. Louis, Missouri 63105
                314-646-0066
                314-646-0065 facsimile
                Attorney for Plaintiff