# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN BRESHANHAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-cv-00058-SEP |
| ) | |
| CITY OF ST. PETERS, RICK ) | |
| STRUTTMANN, and RUSS BATZEL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Russ Batzel's Motion to Dismiss, Doc. [59]. The motion is fully briefed. *See* Docs. [60], [66], [68]. For the reasons set forth below, the motion is granted.

## FACTS AND BACKGROUND[1]

The Court accepts as true the following well-pled facts in Plaintiff's First Amended Complaint. Plaintiff Brian Bresnahan served as a police officer for the City of Saint Peters until June 10, 2020, when he claims he was forced to resign because of constitutionally protected speech. Doc. [28] ¶¶ 5, 9, 17. The speech at issue is a video clip from a television show, "Paradise PD," depicting a black police officer accidentally shooting himself followed by the media headlining the incident as "another innocent black man shot by a cop." *Id*. ¶ 7. Plaintiff shared the clip in a private text messaging group that was established to keep Saint Peters police officers up to date on the status of Black Lives Matter protests. *Id*. ¶ 9. After another member of the text group complained, Defendant Rick Struttmann, the Saint Peters Chief of Police, called Plaintiff into his office. *Id*. ¶¶ 11, 14. Plaintiff alleges that Struttmann "berated" him for sending the video and ordered him to resign or face an investigation into the matter. Defendant Struttmann told Plaintiff that he would recommend to the City Administrator, Defendant Russ Batzel, that Plaintiff be fired. *Id*. ¶ 15. Defendant Struttmann's statements "implied to Plaintiff that Defendant Batzel was aware of and was working together with Defendant Struttmann in the decision to terminate Plaintiff." *Id*. ¶ 16. Plaintiff resigned after the meeting. *Id*. ¶ 17.

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the First Amended Complaint, Doc. [28], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Plaintiff sued the City of Saint Peters, Chief Struttmann, and City Administrator Batzel under 42 U.S.C. § 1983 for violating his First Amendment rights. The district court granted Defendants' Combined Motion to Dismiss Plaintiff's First Amended Complaint, Doc. [30], finding that Plaintiff had "not met his burden to show that the facts alleged demonstrate a violation of his First Amendment rights." Doc. [41] at 9. The United States Court of Appeals for the Eighth Circuit reversed, holding that Plaintiff's "complaint states a claim for First Amendment retaliation." *Bresnahan v. City of St. Peters*, 58 F.4th 381, 386 (8th Cir. 2023). Defendant Batzel now moves to dismiss Plaintiff's claims against him. Doc. [59].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

## DISCUSSION

**I.     Plaintiff's official-capacity claims against Struttmann and Batzel are duplicative.**

"It is a fundamental principle of § 1983 litigation that a 'suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.'" *Cheeks v. Belmar*, 331 F.R.D. 499, 507 (E.D. Mo. 2019) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)); *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer . . . ."). "It is proper for a court to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer." *Caruso v. City of St. Louis*, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) (citing *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Bonenberger v. City of St. Louis*, 2016 WL 5341113, at *2 (E.D. Mo. Sept. 23, 2016)). Plaintiff states that he "has no objection to this Court's dismissal of Defendants Batzel and Struttmann in their official capacity as redundant parties." Doc. [66] at 3. Therefore, Plaintiff's official-capacity claims against Defendants Struttmann and Batzel are dismissed as redundant of his claims against the City.

**II.     Plaintiff fails to state a claim against Defendant Batzel in his individual capacity.**

Plaintiff's First Amended Complaint does not allege any connection between Defendant Batzel and the alleged constitutional violations. Plaintiff claims that "Defendant Struttmann's statements *implied to Plaintiff* that Defendant Batzel was aware of and was working together with Defendant Struttmann in the decision to terminate Plaintiff." Doc. [28] ¶ 16 (emphasis added). Taken as true, that allegation does not state a claim for relief. Plaintiff's subjective impression of Defendant Batzel's involvement does not allow the Court to draw an inference that Batzel was engaged in any conduct that violated the First Amendment. Plaintiff does not allege that Struttmann and Batzel discussed an investigation and termination or even that Batzel was aware of the incident. The only cited support for Plaintiff's impression is "Defendant Struttmann's statements." *Id*. And the only specifically alleged statement by Struttmann about Batzel was a threat that Struttmann, "would open an investigation into the comments and, regardless of the investigation, Defendant Struttmann would ultimately recommend Plaintiff be terminated and that Defendant Russ Batzel would terminate Plaintiff's employment." Doc. [28] ¶ 15. Taking that allegation to be true, Struttmann's utterance of that threat alone does not

3

ground an inference that Batzel engaged in misconduct. Because Plaintiff's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" on the part of Defendant Batzel, he is "entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. (8)(a)(2)).

Instead of arguing that the First Amended Complaint states a claim against Defendant Batzel, Plaintiff contends that the issue was "fully adjudicated" in the Eighth Circuit, which held that "the First Amended Complaints proper[l]y states a claim on which relief can be granted and therefore the matter should proceed to discovery." Doc. [66] at 3. The Eighth Circuit's opinion does not preclude dismissal of the claim against Defendant Batzel on the grounds advanced in Batzel's motion. The opinion considers only "the threshold question [of] whether Bresnahan spoke in his capacity as a private citizen on a matter of public concern," finding that "Bresnahan has met the threshold showing." *Bresnahan*, 58 F.4th at 384, 386. The Eighth Circuit did not opine on Defendants' other arguments for dismissal because this Court did not reach them in its earlier order. *See* Doc. [30-1] at 13-15 (advancing alternative grounds for dismissal of the claim against Batzel); Doc. [41] at 9-10 (dismissing the First Amended Complaint for failure to "plausibly allege[] that he spoke on a matter of public concern"). Having occasion now to consider Batzel's alternative bases for dismissal, the Court finds that they are meritorious. That ruling does not conflict with the Eighth Circuit's opinion finding that Plaintiff has made a threshold showing that he spoke as a private citizen on a matter of public concern.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Batzel's Motion to Dismiss, Doc. [59], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendant Struttmann are dismissed.

A separate order of dismissal accompanies this Memorandum.

Dated this 28th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE