UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BRESNAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-cv-00058-SEP |
| ) | |
| CITY OF ST. PETERS and RICK ) | |
| STRUTTMANN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Quash in Part or in the Alternative for Protective Order, Doc. [99], filed by Defendant City of St. Peters. For the reasons set forth below, the motion is granted in part.

### FACTS AND BACKGROUND

Plaintiff Brian Bresnahan, a former police officer in St. Peters, Missouri, alleges that he was forced to resign for engaging in protected speech. Plaintiff sued his employer, the City of St. Peters, and Chief of Police Rick Struttmann under 42 U.S.C. § 1983 for violating his First Amendment rights and under Title I, §§ 8, 10 of the Missouri Constitution. Discovery closed on March 8, 2024. *See* Doc. [63]. On March 28, 2024, Defendant filed a request for a conference call about a discovery dispute that arose at the end of discovery. *See* Doc. [85]. The request did not include Plaintiff's position on the dispute—as required by the Case Management Order—because Plaintiff's counsel did not provide input in a timely manner. *See* Doc. [85-3]. After a week passed without a response from Plaintiff, the Court set a conference for April 16th, and ordered Plaintiff to respond by April 9th. *See* Docs. [87], [89], [90].

At the conference, the parties narrowed the dispute to one issue: Topic 6 in Plaintiff's notice of a Rule 30(b)(6) deposition of the City of St. Peters. In Topic 6, Plaintiff requests that the deponent be prepared to testify about "[d]iscipline of employees of the City of St. Peters for violation of a social media policy." Doc. [85-2]. The Court gave the parties ten days to resolve the dispute or file a motion for a protective order. *See* Doc. [91]. The Court granted a brief extension to allow the City to better assess the feasibility of preparing a witness for Topic 6 and to see if the parties could reach a compromise. *See* Docs. [93], [96]. On May 6th, the City filed a

Motion to Quash in Part or in the Alternative for Protective Order arguing that Topic 6 is "irrelevant, overbroad, burdensome and not proportional to the needs of the case." Doc. [99] at 2. Plaintiff has not responded to the motion or filed a motion for leave to respond out of time.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets the scope for discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quoting *Hill v. Auto Owners Ins. Co.*, 2015 WL 1280016, at *7 (D.S.D. Mar. 20, 2015)).

## DISCUSSION

Defendant has shown that a protective order is warranted. First, the burden of searching all the City's personnel files for the last ten years is considerable. The City submitted a declaration by Ms. Cathy Pratt, the City's Staff Support Services Group Manager. Doc. [100-3]. Ms. Pratt states that "the City's disciplinary records are not maintained in a digital format," so a "search of disciplinary records would require a manual search of paper files." *Id*. ¶ 4. She estimates that it would take 223 hours to search the City's 2676 personnel files. *See id.* ¶ 5.

Second, Defendant argues that while "Plaintiff pled that he was constructively terminated based on a violation of the City's social media policies, there has been no evidence in this case to support this allegation," and "the internal affairs investigation that was completed after Plaintiff's resignation did not conclude that Plaintiff violated the City's social media policies." Doc. [100] at 4. The record does not yet allow the Court to evaluate the City's factual claims, but, based on the Court's own review of the relevant policies, it is not obvious that they apply to Plaintiff's conduct as alleged in the Amended Complaint. Policy 505-G, "Social Media Acceptable Use," defines social media as "any electronic means to communicate electronically *with the public*." Doc. [100-3] at 3 (emphasis added). Policy 505-H, "Social Media Use," does

not describe what counts as social media, but its provisions do not suggest that it extends to a "private and closed text message group wherein all group members were police officers in the Saint Peters Police Department using their personal devices." Doc. [28] ¶ 9 (Amended Complaint). Policy 505-H discusses "personal social media accounts" and prohibits employees from using a "City email account in conjunction with a personal social media account." Doc. [100-3] at 4. It states that "City employees should not post, rate, or respond, on any site, as a representative of the City." *Id*. A phone number used in a group text chain is not naturally understood as an "account"; nor is a group text chain itself customarily referred to as a "site." Other sections of the policy indicate that, like 505-G, 505-H is focused on public social media use. It prohibits employees from participating in social media activities "as a representative of the City" and states that they can "share or repost content from an official City social media site" only if they "do so without including personal comment." *Id*. Policy 505-H also states that "use of social media to personally comment on City business and confidential matters is restricted." *Id*. Plaintiff pled that the group text was "created to provide a team of officers up to date information regarding [Black Lives Matter] protests within Saint Peters," i.e., City business. Doc. [28] ¶ 9. Accordingly, evidence of how the City disciplined other employees for violating its social media policies—while perhaps not entirely irrelevant to Plaintiff's claims—does not appear to be of central importance to the resolution of issues in this case.

   Also important to the Court's decision is that Plaintiff did not respond to Defendant's motion. Defendant's Certification of Good Faith Attempt to Resolve Discovery Dispute states that Plaintiff's counsel was "unwilling to compromise Plaintiff's demands as they relate to testimony Topic No. 6," Doc. [101] ¶ 6, but Plaintiff has not stated as much, nor certainly justified such a position, himself. The Court will not speculate about Plaintiff's current position on the dispute or make up arguments on Plaintiff's behalf. To be sure, Defendant still has the burden of showing that a protective order is warranted, but Plaintiff's failure to respond leaves Defendant's evidence and arguments uncontested and suggests that, even in Plaintiff's eyes, "the importance of the discovery in resolving the issues" is low. Fed. R. Civ. P. 26.

   Because Topic 6 is not wholly irrelevant, Defendant's request to quash Topic 6 altogether is denied. But Defendant has shown good cause for a protective order. *See* Fed. R. Civ. P. 26(c)(1). The scope of Topic 6 is limited to:

(1) A query to all City Group Managers about their recollection of any City employees who have been disciplined for violations of policies 505-G and 505-H in the last ten years and a search of personnel files based on the responses; and

(2) A search of personnel files for St. Peters police officers who have been disciplined for violations of policies 505-G and 505-H since Chief Struttmann began as Chief of Police on August 31, 2019.

Plaintiff must complete the deposition by August 2, 2024. No extensions to that deadline will be granted absent truly extraordinary circumstances. A separate scheduling order will issue setting out the remaining deadlines.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash in Part or in the Alternative for Protective Order, Doc. [99], filed by Defendant City of St. Peters is **GRANTED in part as set forth in this order.**

**IT IS FURTHER ORDERED** that Plaintiff must complete the deposition of the Rule 30(b)(6) witness on behalf of Defendant City of St. Peters by August 2, 2024.

Dated this 12th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE